**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

PATRICK ADAMS, INDIVIDUALLY : 
AND AS PERSONAL : 
REPRESENTATIVE OF THE ESTATE : 
OF ANDREE C. ADAMS AND : 
CHRISTELLE BECK : 
         v. : Civil Action
         : 
SUNRISE SENIOR LIVING, LLC A : Docket No. _____
VIRGINIA LIMITED LIABILITY : 
COMPANY; SZR ORCHARD AL, LLC : 
DOING BUSINESS AS SUNRISE AT : 
ORCHARD, A COLORADO LIMITED : 
LIABILITY CORPORATION; DOES 1-5 : 

---

**NOTICE OF REMOVAL**

---

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants, Sunrise Senior Living, LLC and SZR ORCHARD AL, LLC, ("Removing Defendants"), file this Notice of Removal of this case from the District Court of the County of Arapahoe, Colorado, in which it is now pending, to the United States District Court, District of Colorado on the ground that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, the Removing Defendants state as follows:

**BACKGROUND**

1. Plaintiffs commenced this matter with the filing of a Complaint on or about March 24, 2020. Plaintiffs' Complaint names Sunrise Senior Living, LLC and SZR Orchard AL, LLC, as the Defendants. *A true and correct copy of the Complaint is attached as **Exhibit A***. The Complaint sets forth seven causes of action: (a) Negligence; (b) Negligence *Per Se*; (c) Vicarious

Liability; (d) Negligent Training and Supervision; (e) Negligent Hiring and Staffing; (f) Wrongful Death; (g) Violation of the Colorado Consumer Protection Act; and (h) Breach of Contract.

2. Service of the Complaint occurred on April 7, 2020 on SZR Orchard AL, LLC and on Sunrise Senior Living, LLC on April 20, 2020. *A true and correct copy of the Affidavits of Service and Summonses are attached as **Exhibit B**.*

3. Colorado law requires the SZR Orchard AL, LLC to respond to Plaintiffs' Complaint by April 28, 2020 and Sunrise Senior Living, LLC by May 11, 2020. *See* Colo. R. Civ. P. 12(a)(1). Neither of the Removing Defendants responded to the Complaint and, instead, removed this action. Therefore, the Removing Defendants' deadline to respond to the Complaint has been extended to May 5, 2020. Fed. R. Civ. P. 81(c)(2)(C).

4. The Court in the State court action issued a Delay Reduction Order and Order Regarding Plan for Settlement. *A true and correct copy of the Delay Reduction Order and Order Regarding Plan for Settlement are attached as **Exhibit C**.* Otherwise, no orders have been entered in the State Court Action.

## GROUNDS FOR REMOVAL

5. The instant notice is timely as it is filed within thirty (30) days of the date of service of the Complaint. **Exhibit B.** Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[A] defendant's period for removal will be no less than 30 days from service.").

6. Removing Defendants hereby exercise their rights under the provisions of 28 U.S.C. §1441, *et seq.*, to remove this action from the District Court of the County of Arapahoe, Colorado, in which this case is presently pending.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, because this is a civil action arising under diversity of citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

8. The present lawsuit is removable from the state court to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1332 and §1441(a) because the controversy in this action is between Plaintiffs, who are citizens of the State of Colorado and Defendants, citizens of foreign states. Diversity is established as follows:

   a. Plaintiffs, Patrick Adams and Christelle Beck, reside in Arapahoe County in the State of Colorado, and therefore are citizens of the State of Colorado.

   b. Defendant, Sunrise Senior Living, LLC, is an improper party to this action as it did not own, operate or manage the Sunrise of Orchard community and did not employ any staff that worked there. This Court lacks personal jurisdiction over Sunrise Senior Living, LLC and this defense is asserted and will be raised in a motion to dismiss. Nevertheless, for the purposes of assessing citizenship of the parties, Sunrise Senior Living, LLC is a Delaware limited liability company with its principal please of business in Virginia. The sole member of Sunrise Senior Living, LLC is Red Fox Holding Corporation, a Delaware corporation with its principal place of business in Virginia. Therefore, Sunrise Senior Living, LLC is a citizen of Delaware and Virginia.

   c. Defendant, SZR Orchard AL, LLC is a Colorado limited liability company with its principal place of business in Kentucky. The sole member of SZR Orchard AL, LLC is SZR Opco Holdco, LLC, a Delaware limited liability company with its principal place of business in Kentucky. The sole member of SZR Opco Holdco, LLC is VTR TRS Holdco, LLC, a Delaware limited liability company with its principal place of business in Kentucky. The sole member of VTR TRS Holdco, LLC is VTR Property Sectors, LLC, a Delaware limited liability company with

its principal place of business in Kentucky. The sole member of VTR Property Sectors, LLC is Ventas, Inc., a Delaware corporation with its principal place of business in Kentucky. Therefore, SZR Orchard AL, LLC is a citizen of Delaware and Kentucky.

7. Under 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest an costs. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 544. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

8. "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 44 F.3d 536, 543 (7th Cir. 2006)).

9. Plaintiffs' Complaint does not specifically quantify the damages Plaintiffs seek to recover, but states that "the damages claimed herein exceed $100,000." ***Exhibit A***, p. 19. "[A] complaint that does not specify an amount must merely allege facts sufficient to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) (citation omitted). Other papers, such as the Civil Cover Sheet, can be considered support for a removal notice regarding the amount in controversy. *See Paros Props., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (concluding that a civil cover sheet filed in Colorado state court with a complaint against an insurer was an "other paper" that provided defendant with adequate notice that the case was removable on diversity grounds). *See also* 28 U.S.C. § 1446(b)(3).

16. The facts here establish that the amount-in-controversy requirement is met. Plaintiff's Complaint and Civil Cover Sheet state that Plaintiffs demand in excess of One Hundred Thousand Dollars ($100,000.00) and therefore, Removing Defendants aver that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). *A true and correct copy of the Civil Cover Sheet is attached as **Exhibit D**.* As indicated by the Civil Cover Sheet, the monetary judgment sought excludes attorney fees, interest and costs—all of which Plaintiffs claim as damages here. Additionally, Plaintiffs seek all damages permitted by the Colorado Wrongful Death Act and treble damages and actual damages under the Colorado Consumer Protection Act. ***Exhibit A***, p. 19, Section XI. Prayer for Relief). In pre-suit correspondence, Plaintiffs demanded in excess of $1 million. Taken together, there is a sufficient showing of the amount-in-controversy requirement. *See Paros Props*, 835 F.3d at 1272-73.

17. In light of the foregoing, the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

18. Pursuant to the provisions of 28 U.S.C. § 1446(a), Removing Defendants have attached herewith and incorporates by reference, a copy of the Complaint filed in the District Court of the County of Arapahoe, Colorado, in this action. *(See Exhibit A attached hereto.)*

19. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1441(a), as the events giving rise to Plaintiffs' lawsuit took place in Colorado. *(See Exhibit A attached hereto.)*

20. Removing Defendants will provide immediate notice of the filing of this Notice to Plaintiff as required by 28 U.S.C. § 1446(d). *A true and correct copy of the Notice of Filing Notice of Removal in State Court is attached as **Exhibit E**.*

21. Removing Defendants will also file a certified copy of this Notice with the Clerk of the District Court of the County of Arapahoe, Colorado, as required by 28 U.S.C. §1446(d).

22. No waiver and no admission of fact, law, or liability – including, without limitation, the amount of damages (if any) – is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are reserved, including the right to enforce agreements to arbitrate.

**WHEREFORE**, as there is diversity of citizenship between the Plaintiffs and the Defendants in this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs, Removing Defendants respectfully request that this action be removed from the District Court of the County of Arapahoe to the United States District Court for the District of Colorado, pursuant to 29 U.S.C. § 1332(a)(1) and § 1441(a).

Date:  April 28, 2020

                                            Respectfully submitted,

                                            /s/ *Peggy E. Kozal*
                                            Peggy E. Kozal
                                            GORDON REES SCULLY MANSUKHANI, LLP
                                            555 Seventeenth Street, Suite 3400
                                            Denver, CO 80202
                                            Telephone: (303) 534-5160
                                            Telefax: (303) 534-5161
                                            pkozal@grsm.com
                                            *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record, this the 28th day of April, 2020.

      /s/ *Peggy E. Kozal*
      Peggy E. Kozal
      GORDON REES SCULLY MANSUKHANI, LLP
      555 Seventeenth Street, Suite 3400
      Denver, CO 80202
      Telephone: (303) 534-5160
      Telefax: (303) 534-5161
      pkozal@grsm.com
      *Attorneys for Defendants*